NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| SHAUKAT ALI, | : | |
| | : | Civil Action No. 2:13-cv-02678 (SDW) (MCA) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | **OPINION** |
| JERSEY CITY PARKING AUTHORITY, | : | |
| NIKO TAMTASURI, MARY F. | : | |
| PARETTI, | : | April 16, 2014 |
| Defendants. | : | |
| | : | |

WIGENTON, U.S.D.J.:

This matter comes before the Court upon (1) motion by Pro Se Plaintiff Shaukat Ali ("Plaintiff" or "Ali") for default judgment (July 8, 2013, ECF No. 11) and (2) cross-motion to set aside default and motion to dismiss Plaintiff's Third Amended Complaint ("TAC") pursuant to Fed. R. Civ. P. 12(b)(6) by Jersey City Parking Authority, Pius Niko Tampusari, improperly named as "Niko Tamtasuri," and Mary F. Paretti (collectively "Defendants") (January 1, 2014, ECF No. 18).  Pursuant to FED. R. CIV. P. 78, no oral argument was heard.  Based on the following and for the reasons expressed herein, Plaintiff's motion for default judgment is **denied** and Defendants' cross-motion to set aside default and motion to dismiss the TAC are **granted**.

I.   **BACKGROUND**[1]

On April 1, 2011, Plaintiff received a parking ticket from the Jersey City Parking Authority ("JCPA") after he parked his car on the corner of Wayne Street and Barrow Street in Jersey City, New Jersey.  The Parking ticket, issued by Officer Pius Niko Tampusari ("Officer

---

[1] The facts set forth in this Opinion are taken from the parties' respective moving papers and filings.

1

Tampusari"), was based on Jersey City Ordinance No. 26-29, which prohibited parking in certain areas of Jersey City. The parking ticket assessed a fine of $42.00 to be paid by April 21, 2011. On April 26, 2011, a Jersey City Municipal Court Judge determined that because Jersey City Ordinance 26-29 had previously been repealed on September 16, 2010, Plaintiff's ticket was not based on a valid ordinance at the time it was written. Thus, Plaintiff's ticket was dismissed and he was not assessed any fines or penalties.

On April 26, 2013, Plaintiff filed a fourteen-count Complaint against JCPA, Officer Tampusari and JCPA's Chief Operating Officer, Mary Paretti ("Paretti"). (ECF No. 1). Plaintiff subsequently filed three amended complaints on May 1, May 3, and May 6, 2013. (ECF Nos. 3, 4, 5). Plaintiff thereafter served Defendants with the TAC. (ECF Nos. 6, 7). The TAC asserts the following causes of action: (1) Official Misconduct in violation of N.J.S.A. 2C:30-2; (2) Deprivation of Constitutional and Civil Rights in violation of the Fourteenth Amendment, U.S.C.A. Const. Amend. 14, ¶ 5and 42 U.S.C. 1983; (3) Violation of Jersey City Ordinance No. 10-114; (4) Violation of 26-69 Repealed Ordinance of Jersey City; (5) Violation of Ordinance 26-69.3, Penalties; (6) Harassment in Violation of N.J.S.A.: 2C:33-4; (7) Outrageous Conduct Causing Emotional Distress; (8) Abuse of Process; (9) Civil Conspiracy; (10) Gross Negligence; (11) Malicious Prosecution; (12) Negligent Hiring, Supervision and Training; (13) Certification of Class Action against Jersey City; and (14) Loss of Consortium. (ECF No. 5).

Defendants failed to answer the TAC in a timely fashion and at Plaintiff's request, the Clerk of the Court entered a default on June 7, 2013. On June 19, 2013, Plaintiff submitted a "Statement of Damages" seeking a judgment from each Defendant in the amount of $100,415, plus interest from April 1, 2011. (ECF No. 9). On July 8, 2013, Plaintiff moved for entry of default judgment for these amounts. (ECF No. 11). On January 14, 2014, Defendants filed a

cross-motion to set aside default and motion to dismiss the TAC. (ECF No. 18).

## II. STANDARD OF REVIEW

### a. Motion to Set Aside Entry of Default

It is well settled that entries of default are not favored in this Circuit and that courts must resolve doubtful cases in favor of the party opposing their entry. United States v. $55,518.05 in US Currency, 728 F.2d 192, 194-95 (3d Cir. 1984); see also Hritz v. Woma Corp., 732 F.2d 1178, 1188 (3d Cir. 1984) ("[t]his court's overriding preference is the disposition of litigated matters on the merits rather than by default."). In deciding whether to vacate an entry of default, courts are to consider "(1) whether the plaintiff will be prejudiced if the default is lifted; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct." Clauso v. Glover, No. 09-05306, 2010 U.S. Dist. LEXIS 81542, at *2 (D.N.J. Aug. 11, 2010) (quoting Zawadski De Bueno v. Bueno Castro, 822 F.2d 416, 419-20 (3d Cir. 1987)).

### b. Motion to Dismiss

In deciding a motion under Rule 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations omitted). "[A court is] not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Instead, assuming that the factual

3

allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above a speculative level." Twombly, 550 U.S. at 555.

A complaint will survive a motion to dismiss if it contains sufficient factual matter to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." Id. "Determining whether the allegations in a complaint are 'plausible' is a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Young v. Speziale, Civ. No. 07-03129, 2009 WL 3806296, at *3 (D.N.J. Nov. 10, 2009) (quoting Iqbal, 556 U.S. at 679). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown'–that the pleader is entitled to relief." Iqbal, 556 U.S. at 679.

### III. DISCUSSION

#### a. Motion to Set Aside Entry of Default

##### i. There is no prejudice to Plaintiff

The first factor for the Court to consider when deciding a motion to set aside an entry of default is whether the plaintiff will be prejudiced if the default is lifted. Clauso, 2010 U.S. Dist. LEXIS 81542 at *2. The Court finds that Plaintiff would suffer no such prejudice. The question of prejudice, with respect to a motion to vacate a default, "concerns the loss of available evidence, whether there is increased potential for collusion or fraud, and whether the plaintiff substantially relied upon the default." Clauso, 2010 U.S. Dist. LEXIS 81542 at *2-3 (citing Feliciano v. Reliant Tooling Co. Ltd., 691 F. 2d 653, 657 (3d Cir. 1982).

In this case, Plaintiff has suffered no loss of evidence or other impairment of his ability

to proceed with his claims. Plaintiff's allegations are based on the existence of one parking ticket that has been preserved and presented as an exhibit to his motion for default judgment. No potential for collusion or fraud, or any indication that Plaintiff has substantially relied on the default has been shown. Thus, this Court finds that Plaintiff would not suffer demonstrable prejudice if the default were vacated.

### ii. Defendants Have Meritorious Defenses to Plaintiff's Claims

The second factor for consideration is whether the defendant has a meritorious defense. Clauso, 2010 U.S. Dist. LEXIS 81542 at *2. A meritorious defense is demonstrated if the allegations of the defendant's response, if established at trial, would constitute a complete defense to the action. $55,518.05 in U.S. Currency, 728 F. 2d at 195. However, this Court need not determine whether the defense is complete when proffered; rather, it is only necessary that the defense set forth not be "facially unmeritorious." Emasco Ins. Co. v. Sambrick, 834 F. 2d 71, 74 (3d Cir. 1987). For the reasons set forth herein, this Court finds Defendants' defenses to Plaintiff's claims are meritorious. Thus, this factor weighs in favor of vacating the default, particularly in light of the judicial policy of disfavoring default judgments and encouraging decisions on the merits. See Harad v. Aetna Cas. & Sur. Co., 839 F. 2d 979, 982 (3d Cir. 1988).

### iii. Defendants' Default was Not Caused by Their Culpable Conduct

The third and final factor is whether the default was the result of the defendant's culpable conduct. Clauso, 2010 U.S. Dist. LEXIS 81542 at *2. To establish culpability sufficient to preclude the vacatur of default, "more than mere negligence [must] be demonstrated." Emcasco Ins. Co., 834 F.2d at 75; Admiral Home Appliances v. Tenavision, Inc., 735 F.2d 1347 (D.N.J. 1982); Hritz v. Woma Corp., 732 F.2d 1178, 1183 (3d Cir.

5

1984). Rather, the Third Circuit has established that a defendant's conduct must have been "taken willfully or in bad faith" to deny a motion to vacate default. Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000) (quoting Gross v. Stereo Component Sys., Inc., 700 F.2d 120, 124 (3d Cir. 1991)) (internal quotations omitted). Moreover, failing to respond because of miscommunication or ignorance, is not the type of "wanton disregard for the proceedings required to show culpable conduct." Wingate Inns Int'l, Inc. v. P.G.S., LLC, No. 09-6198, 2011 U.S. Dist. LEXIS 7371, *11 (D.N.J. Jan. 26, 2011). See also, Ford v. Consigned Debts & Collections, Inc., No. 09-3102, 2010 U.S. Dist. LEXIS 68980, *5-6 (D.N.J. July 12, 2010) (holding that defendant's failure to respond to a complaint within approximately 11 months did not constitute the requisite willfulness or bad faith necessary to find a defendant culpable).

Here, Defendants assert that they failed to answer in a timely manner because the JCPA neglected to assign the case to outside counsel while it was awaiting a coverage determination from its carrier. This oversight does not rise to the level of willful, wanton or bad faith conduct necessary to deny the cross-motion to vacate. Based on the foregoing considerations, Defendants have met the three-part test to vacate the default. Thus, Plaintiff is not entitled to default or a default judgment and Defendants' cross-motion to set aside the default is **granted.**

    b. <u>Motion to Dismiss</u>

        i. **Plaintiff Does Not Have Standing to Assert Any Criminal Claims Against Defendants.**

Plaintiff includes three counts in the TAC alleging that Defendants have committed crimes. In Count One, Plaintiff asserts that Officer Tampusari committed "official misconduct," codified at N.J.S.A. 2C:30-2. In Counts Six and Nine, Plaintiff claims that Defendants engaged

6

in criminal harassment and a RICO conspiracy in violation of N.J.S.A. 2C:33-4 and N.J.S.A. 2C:41-1 to 2C:41-4, respectively.  However, as set forth in N.J.S.A. 2A:158-4, "[t]he criminal business of the State shall be prosecuted by the Attorney General and the county prosecutors." N.J.S.A. 2A:158-4.  Thus, a private party may not bring a criminal action against another individual or entity as Plaintiff attempts to do here.  Plaintiff does not have standing to file criminal actions against Defendants in this Court.  Therefore, Counts One, Six and Nine are **dismissed.**

> ii.  **Plaintiff Cannot Assert Claims Under Jersey City Traffic Ordinances**

In Counts Four and Five of the TAC, Plaintiff attempts to assert two claims under repealed Jersey City Ordinance 26-29.  These counts do not state plausible claims for relief because the ordinance is no longer in effect.  In Count Three, Plaintiff asserts a claim under Jersey City Ordinance 10-114, the ordinance that repealed 26-29.  Plaintiff seeks damages against Defendants because Officer Tampusari failed to follow Ordinance 10-114 in issuing a ticket on a repealed ordinance.  However, Ordinance 10-114 does not contain a private right of action that would enable Plaintiff to file such an action.  Accordingly, Counts Three, Four and Five are **dismissed.**

> iii.  **Plaintiff's Tort Claims and Claims Under 42 U.S.C. §§ 1983 and 1985 are Time-barred**

The New Jersey Tort Claims Act requires Plaintiff to have provided JCPA, a public entity, and Officer Tampusari and Paretti, public employees, with a Notice of Claim within ninety days of the accrual of his tort claims.  The Tort Claims Act further requires that he thereafter bring suit on such claims within two years of accrual, or be "forever barred" from recovering.  N.J.S.A. 59:8-3, 59:8-8; Velez v. City of Jersey City, 180 N.J. 284, 290 (2004). Plaintiff did send a letter to the JCPA on May 2, 2011 entitled "Notice of Claim."  However,

7

Plaintiff did not send any such notice to Paretti or Officer Tampusari as required by the Act. See N.J.S.A. 59:8-3 ("No action shall be brought against a public entity or public employee…unless the claim on which it is based shall have been presented in accordance with the procedure set forth in this chapter.")  As a result, all tort claims against Paretti and Tampusari are **dismissed**.

In addition, Plaintiff's claims of intentional infliction of emotional distress (Count Seven), abuse of process (Count Eight), gross negligence (Count Ten), negligent hiring, supervision and training (Count Twelve) and loss of consortium (Count Fourteen) accrued on April 1, 2011, the date on which he received the parking ticket.  However, Plaintiff did not file suit until April 26, 2013, over two years after that date.  Consequently, these claims are time-barred and therefore **dismissed** against all Plaintiffs.

Any claims for tort-based emotional distress damages are also barred by another section of the Tort Claims Act: N.J.S.A. 59:9-2d.  Under that section, emotional distress damages against any of the defendants under a tort claim are precluded unless Plaintiff can establish that he sustained "(1) an objective permanent injury, and (2) a permanent loss of a bodily function that is substantial."  Knowles v. Mantua Township Soccer Ass'n, 176 N.J. 324, 329 (2003).  However, Plaintiff has failed to explain, nor could he plausibly justify, how receiving a single parking ticket that was later nullified could have led to any "objective permanent injury" or "permanent loss of bodily function."  Id.  Plaintiff's bald statement that some of his injuries "persist and may be permanent in nature" (TAC ¶ 94) is insufficient as a matter of law to satisfy either of the two requirements of permanence.  Therefore, any claim by Plaintiff for emotional distress is **dismissed.**

Plaintiff's claims under Sections 1983 and 1985 are subject to New Jersey's two-year statute of limitations for personal injury claims. Wilson v. Garcia, 471 U.S. 261, 280

(1985); Cito v. Bridgewater Twp. Police Dep't, 892 F.2d 23, 25 (3d Cir. 1989); Britto v. Borough of Little Ferry, No. 09-5986, 2010 U.S. Dist. LEXIS 39590, *5-6 (D.N.J. Apr. 21, 2010) (citing O'Connor v. City of Newark, 440 F.3d 125, 126-27 (3d Cir. 2006)); N.J.S.A. 2A:14-2 ("[e]very action at law for an injury to the person caused by the wrongful act, neglect or default of any person within this State shall be commenced within two years next after the cause of any such action shall have accrued."). As stated above, Plaintiff did not file suit until April 26, 2013, more than two years after the date on which his claims accrued. Count two is therefore **dismissed** as time-barred.

### iv. Plaintiff's Intentional Infliction of Emotional Distress Claim Fails

To survive a motion to dismiss on an intentional infliction of emotional distress claim, a plaintiff must plead factual allegations sufficient to establish that, at a minimum, defendants subjected the plaintiff to conduct that was intentionally or recklessly "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Ingraham v. Ortho-McNeil Pharm., 422 N.J. Super. 12, 21 (App. Div. 2011), certif. denied, 209 N.J. 100 (2012) (quoting Buckley v. Trenton Saving Fund Soc'y, 111 N.J. 355, 366 (1988)); Turner v. Wong, 363 N.J. Super. 186, 199 (App. Div. 2003). Further, "the emotional distress suffered by plaintiff must be so severe that no reasonable [person] could be expected to endure it." Ingraham, N.J. Super. At 21 (quoting Buckley, 111 N.J. at 366-67). The threshold question of whether a defendant's conduct may reasonably be deemed to have met this standard is for the Court. Cox v. Keystone Carbon Co., 861 F.2d 390,395 (3d Cir. 1988) (citation omitted).

Plaintiff's assertions that Officer Tampusari's writing of an "illegal ticket" went "beyond human decency" and was an "atrocious" act "intolerable in a civilized community"

9

and that Plaintiff suffered "mental torture and …fear, horror, shame, intimidation, embarrassment, [and] anger…" from receiving the ticket are without merit. (TAC ¶¶ 63, 69). The Court finds that the issuing of a single parking ticket with a fine of $42.00 that was dismissed three weeks later does not constitute outrageous conduct and could not cause extreme emotional distress. There is nothing extreme or utterly intolerable about what occurred, and no reasonable person would have or could have suffered emotional distress to the extent that Plaintiff alleges. Thus, Count Seven is **dismissed**.

### v. Plaintiff's Abuse of Process Claim Fails

In order to establish an abuse of process claim, Plaintiff must show that (1) defendants had an ulterior motive in issuing process and (2) there was some further act after the issuance of process representing the perversion of the legitimate use of the process. Fleming v. United Parcel Serv., Inc., 255 N.J. Super. 108, 157 (Law Div. 1992), aff'd, 273 N.J. Super. 526 (App. Div. 1994), cert, denied, 138 N.J. 264, (1995). In order to prove the second element of the test, a party must show that the other party "demonstrably used process after its issuance solely to coerce or injure his adversary." Id. at 158 (citing SBK Catalogue Partnership v. Orion Pictures, 723 F. Supp. 1053, 1067-68 (D.N.J. 1989). "Bad motives or malicious intent leading to the institution of the suit are insufficient to support this cause of action." Id.

Plaintiff does not satisfy either of these elements. Plaintiff claims that the purpose of issuing the ticket was "malicious and vengeful harassment" and to "rail road plaintiff for violation[,] $50.00 fine[,] or 15 days jail or both." (TAC ¶ 72(c)). However, Plaintiff does not offer any explanation as to why JCPA or Officer Tampusari himself would seek to harass him. There is no allegation that Officer Tampusari even knew Plaintiff's identity when he issued the ticket. More significantly, Plaintiff does not plead, nor can he plead, the existence of any second

act on the part of Defendants demonstrating their intent to coerce or injure Plaintiff.  Rather, the only event that occurred after Plaintiff received his ticket was its dismissal, an event that benefited, rather than injured, Plaintiff.  Thus, Count Eight is **dismissed.**

### vi.  Plaintiff's Malicious Prosecution Claim Fails

In Count Eleven, Plaintiff alleges that Defendants "cause[d] to be initiated and continued the civil litigation of [for] an improper purpose" and thus, Defendants are liable under New Jersey Court Rule 1:4-8.  (TAC ¶ 90).  Rule 1:4-8 provides a mechanism for parties to a lawsuit to obtain sanctions against attorneys and *pro se* parties for frivolous litigation; it does not create a private right of action.  Further, Rule 1:4-8 has no effect in this Court, as it solely governs proceedings in New Jersey state and municipal courts.

Moreover, even if this Court were to broadly construe this count to include a common law claim of malicious prosecution, such a claim would fail.  A malicious prosecution action arising out of a criminal prosecution requires proof: (1) that the criminal action was instituted by the defendant against the plaintiff, (2) that it was actuated by malice, (3) that there was an absence of probable cause for the proceeding, and (4) that it was terminated favorably to the plaintiff.  Vickey v. Nessler, 230 N.J. Super. 141, 146 (App. Div. 1989) (citing Lind v. Schmid, 67 N.J. 255, 262 (1975)).  A traffic offense in municipal court, however, is not considered to be a criminal prosecution.  Id. at 148-50; see also Harmon v. Holmes, 712 F. Supp. 451, 454 (D.N.J. 1989).  For purposes of a malicious prosecution claim, traffic offenses are considered akin to civil actions and courts impose an additional element to demonstrate such a claim.  Vickey, 230 N.J. Super, at 148-50.  "A malicious prosecution action could not be maintained for prosecuting a civil suit in a court of common law having competent jurisdiction by the party himself in interest, unless the defendant has, upon such prosecution been arrested without cause and

11

deprived of his liberty, or made to suffer other special grievance different from, and superadded to the ordinary expense of a defense." Id. at 146.

Plaintiff was not arrested or deprived of his liberty. Further, Plaintiff has not alleged that he suffered any sort of "special grievance" sufficient to state a claim for malicious prosecution. Given that Plaintiff's ticket was dismissed and he was not assessed a fine or jail time, he cannot possibly plead the existence of a special grievance. Accordingly, Count Eleven is **dismissed.**

### vii. Plaintiff Does Not Have Standing to Bring a Loss of Consortium Claim

A claim for loss of consortium cannot be maintained as an independent cause of action. Rather, "[l]oss of consortium is a derivative claim which depends for its sustenance *upon a viable tort claim of the spouse*." Reiff v. Convergent Techs., 957 F. Supp. 573, 584 (D.N.J. 1997) (emphasis added); see also Tichenor v. Santillo, 218 N.J. Super. 165, 173 (App. Div. 1987) ("A *per quod* claim is only maintainable *by reason of a spouse's personal injury.* It depends upon and is incidental to the personal injury action." (emphasis added)).

A loss of consortium claim is dependent upon a personal injury claim of an individual's spouse. As Plaintiff's underlying claims have been dismissed for the reasons set forth in this Opinion, a loss of consortium claim cannot survive. Notwithstanding, Plaintiff has failed to allege, nor can he so allege, that his wife has suffered a personal injury. Rather, Plaintiff's loss of consortium claim is premised on his allegation that he "could not provided [sic] company, companionship, affection, society to Chrisna Idwati his wife" and that he "felt emotional distress caused to him due to separation from wife's affection, wife's love, company, companionship, society affection and her services." (TAC ¶¶ 111, 112). Plaintiff has failed to set forth a plausible claim for relief because he is solely seeking additional damages for his own alleged injury, rather than an injury to his wife. Count Fourteen is therefore **dismissed.**

12

### viii. Plaintiff Does Not Have Standing to Assert a Class Action

Under Federal Rule of Civil Procedure 23, a *pro se* plaintiff cannot represent a class because a class of similarly situated individuals must be represented by counsel. Specifically, Rule 23(c)(l)(B) provides, "an order that certifies a class action must define the class and the class claims, issues, or defenses, and must appoint class counsel under Rule 23(g)." Rule 23 further provides that a class action may be maintained only if the class representative "will fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23.

In Count Thirteen, Plaintiff requests "[t]his court permitt [sic] plaintiff to sue Jersey City parking authority under class action." (TAC ¶ 107). As Plaintiff is not an attorney, he can neither be class counsel nor, in the context of this case, adequately represent others. See, e.g., Caputo v. Fauver, 800 F. Supp. 168, 170 (D.N.J. 1992), aff'd, 995 F.2d 216 (3d Cir. 1993) ("[e]very court that has considered the issue has held that a prisoner proceeding *pro se* is inadequate to represent the interests of his fellow inmates in a class action"). Thus, Count Thirteen is **dismissed**. Further, as demonstrated above, Plaintiff has failed to allege any plausible claims for relief and therefore, Plaintiff's request for a class action is moot.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion for default judgment is **denied** and Defendants' cross-motion to set aside default and motion to dismiss the TAC are **granted**. The default entered by the clerk of the court on June 7, 2013 is to be **vacated** and the TAC is **dismissed in its entirety, with prejudice**. An appropriate Order accompanies this Opinion.

s/Susan D. Wigenton<br>Susan D. Wigenton, U.S.D.J.

Date: April 16, 2014
Original: Clerk's Office
cc: Hon. Madeline C. Arleo, U.S.M.J.
All Counsel of Record, File

13